UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
JIMMY D. SMITH,                  :
                                 :
        Plaintiff,               :
                                 :           PRISONER
     v.                          :   CASE NO. 3:10-cv-1437(AWT)
                                 :
JOHN O'CONNER, et al.,           :
                                 :
        Defendants.              :
```

INITIAL REVIEW ORDER

The plaintiff, who is currently incarcerated at Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). He names as defendants John O'Conner, Lou Roy, Pam Richard, Sherry Ziolkowski, Richard Ruiz, Dr. Chowhan, Warden Lee, Warden Erfe, Credit, and Robert Farr. All defendants are named in their individual capacities only.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous, malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a pro se complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to

a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). The court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)).

After careful review, the court concludes that the complaint should be served and the plaintiff allowed to address the defendants' response to his complaint.

ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) The **Pro Se Prisoner Litigation Office shall** verify the current work addresses for each defendant, mail a waiver of service of process request packet to each defendant in his or her individual capacity within **fourteen (14)** days of this Order, and report to the court on the status of that waiver request on the **thirty-fifth (35)** day after mailing.

If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on that defendant in his individual capacity and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) The **Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(3) The **Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and Department of Correction Legal Affairs Unit.

(4) Each defendant shall file his or her response to the complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order. If a defendant chooses to file an answer, that defendant shall admit or deny the allegations and respond to the cognizable claims recited above.

The defendant also may include any and all additional defenses permitted by the Federal Rules.

(5)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(6)  All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7)  Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

It is so ordered.

Dated this 21st day of October 2010, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge